23 C.C.P.A.(Patents)

### In re KELLER.

### Patent Appeal No. 3650.

### Court of Customs and Patent Appeals.
### June 8, 1936.

William R. Davis, of Washington, D. C. (Charles D. Davis, of Washington, D. C., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant, Myrtle R. Keller, made application to the United States Patent Office on September 17, 1931, for a patent on certain alleged new and useful improvements in fingering indicating means. The examiner denied claims 54 to 60, inclusive, of the application, on the references Bates, No. 1,319,687, and Allen, No. 706,002. The Board of Appeals affirmed the decision of the examiner, and the appellant has appealed.

Claims 54 and 60 are typical, and are as follows:

"54. ·A typewriting machine having a group of finger keys, which keys bear such visible indicia indicative of the key functions and are of such number and arrangement in the machine that said group of keys forms a universal keyboard, and which keys also bear arbitrary visible pictorial representations of objects which visually segregate all of the keys of said group into eight sub-groups of keys, one sub-group for each of the eight fingers of a typist, all of which sub-groups are arranged side by side in a single row of key sub-groups which extends transversely of the machine and said group of keys, and each of which key sub-groups extends from the front side to the rear side of said group of keys and consists entirely of keys the arbitrary pictorial representations borne by which depict the same object, which object is different from that depicted in the pictorial representations borne by the keys of any directly adjoining one of said sub-groups of keys."

"60. A typewriting machine, as claimed in claim 56, wherein the pictorial representations of each of the eight different animals differ at least as to dominant coloring from those of the representations of the remaining seven animals, all representations of the same animal being similar as to coloring."

Appellant's device ·consists of an arrangement of the keys on a typewriting machine provided with a so-called universal keyboard, which is thought to be of advantage to the student learning keyboard fingering. The appellant has arranged a system by which, in addition to

the ordinary designation of letters and characters upon the keyboard, the keys are painted in a distinctive way, in eight different colors. Those keys to be manipulated by the right hand are arranged as follows: The group of keys to be actuated by the index finger of the right hand have on their tabs the picture of a bear, and are preferably further distinguished by the distinctive coloring dark brown. The group of keys to be actuated by the second finger of the right hand have a picture of a cat on their tabs, preferably distinctively colored yellow and black; yellow being the dominant color. The group of keys to be actuated by the third finger of the right hand have on their tabs the picture of a horse, preferably of some distinctive color, such as black. Each group of keys to be operated by any particular finger is designated by a distinctive color, and by the representation of a distinctive animal, so that, while operating the machine, the operator can determine, by these means, with which finger what particular key he should strike.

To further facilitate the learning of proper fingering, a companion set of digital indicating devices is provided, in the form of paper finger rings, one for each finger, which bear thereon the particular emblem and color of the key-tabs upon which that particular finger is to operate. It is thought by the appellant that by means of these aids the student will more rapidly become acquainted with the art of fingering a typewriting machine.

As will be observed from the claims which are above quoted, the claims do not include the feature of the finger rings, but count only upon the arrangement of the keyboard.

The tribunals of the Patent Office were of opinion that the subject-matter of this application presented nothing patentable over Bates and Allen.

The patent to Allen shows a keyboard for a typewriting or linotype machine, or similar machine, in which the various letters on the keyboard are grouped together and colored in respective colors across the keyboard. As explained by the patentee: " * * * In each colored space or section is a predetermined number of keys arranged with reference to their frequency and convenience in use, the keys of the keyboard being so grouped that the color or the name of the color of the space or section will suggest anemonically or phonetically certain letters, characters, symbols, or representations of speech-sound, or combinations of such, as will more fully appear from the subjoined description."

The patent to Bates has a somewhat different arrangement. The keys to be operated by the right hand are colored black, while the ones to be operated by the left hand are colored white. The keys bear the ordinary universal keyboard letters and characters. In addition, the keys to be operated by each finger are marked by a number placed in a red semicircle at the bottom of the key; thus the keys to be operated by the index finger of the right hand are all numbered 1, those by the second finger 2, those by the third finger 3, and those by the fourth finger 4.

We are of opinion, as were the Patent Office tribunals, that the principal feature of the Bates arrangement is the same as those here involved. While Bates uses numerals, the appellant uses representations of animals. Certainly, a combination of the Bates and Allen ideas shows every feature included in this appellant's disclosure, namely, varying colors and varying indicia to help the student to learn and to see the various characters on the keyboard. Of course, such a device would add nothing to the student of the touch system of typewriting, but in a visible system might be helpful to the student.

If there is a patentable distinction between the numerals used by Bates, and the representations of animals used by appellant, then it might also be patentable to place upon the keys of a typewriter some other set of symbols differing from either Bates or the appellant. The principle being exactly the same, we agree with the Patent Office tribunals that there is no invention in appellant's disclosure.

This case presents some of the features found in Re Malcolm, 56 F.(2d) 876, 19 C.C.P.A.(Patents) 1097. In the case cited, the appellant was claiming a musical notation sheet which differed from the prior art in the substitution of certain symbols to mark the score. This was held to be not inventive over the prior art.

The decision of the Board of Appeals is affirmed.

Affirmed.